UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRINCESS HAMPTON and SHANTEL
HAMPTON,

        Plaintiffs,

v.

BIG THREE AUTO SALES, INC., CREDIT
ACCEPTANCE, CORP., ADESA, INC.,
BLACKHAWK RECOVERY AND
INVESTIGATIONS, INC.,

        Defendants.

                                          /

Case No. 15-11338

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND TO STATE COURT [12]**

      Currently before the Court is Plaintiffs' motion to remand this matter to the Wayne County Circuit Court. (Dkt. 12). Plaintiffs argue that Defendant Credit Acceptance failed to obtain the consent of all Defendants prior to removing this matter. For the reasons stated below, the Court DENIES Plaintiffs' motion.

      On February 6, 2015, Plaintiffs filed this matter against Defendants Credit Acceptance, Big Three Auto Sales, Inc., ADESA, Inc., and Blackhawk Recovery and Investigations, Inc., in the Wayne County Circuit Court. The complaint contains two federal claims brought under the Credit Repair Organizations Act, 15 U.S.C. § 1679, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1601, and various causes of action arising under state law. On April 13, 2015, Defendant Credit Acceptance filed a notice of removal with this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (Dkt. 1). Section 1446(b)(2)(A) states: "When a civil action is removed solely under section 1441(a), all defendants who have

been *properly joined and served* must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). Plaintiffs argue that Credit Acceptance failed to comply with this procedural requirement by neglecting to obtain the consent of Defendants Blackhawk and Big Three Auto prior to seeking removal.[1] According to Credit Acceptance, however, neither of the Defendants in question were properly served at the time of removal, and thus there was no obligation to obtain their consent. This Court agrees.

The Sixth Circuit has been clear that the consent requirement under Section 1446(b)(2)(A) only applies to defendants who have been "served or otherwise properly joined." *Farnsworth v. Nationstar Mortgage*, 569 F. App'x 421, 425 (6th Cir. 2014) ("Because Nationstar was the only defendant who had been 'served or otherwise properly joined,' . . . it was not required to have the other unknown and improperly served defendants join or file consent.") (citing *Brierly v. Alsuisse*, 184 F.3d 527, 533 n. 3 (6th Cir. 1999)). Service on a corporate defendant is governed under Federal Rule of Civil Procedure 4(h), which requires the complaining party to (1) deliver a copy of the summons and complaint to an officer of the corporation, or (2) abide by the applicable service requirements set forth under state law. Michigan Court Rule 2.105(D)(1) likewise requires personal service on an officer or director of the corporation. *See Adams v. Wilmington Finance/AIG*, 2012 WL 2906082 (E.D. Mich. Apr. 10, 2012) ("Federal Rule of Civil Procedure 4(h) does not envision service by mail as being a proper way of serving a corporation with a complaint and summons unless the law of the state in which the district court sits, or the law of the state in which service was effected, so permits . . . . Michigan

---

[1] There is seemingly no dispute that Defendant ADESA consented to removal.

law does not permit service of process to a corporation by mail alone, certified or otherwise. Mich. Court R. 2.105(D).").

Here, Plaintiffs have failed to establish--by way of affidavit or otherwise--that either Defendant was served in accordance with the rules recited above. In fact, Plaintiffs impliedly concede that service was improper by noting that they "even received the green receipt from . . . Big Three Auto Sales." (Plfs' Br. 6). "Cases in this district that have addressed the issue have held that the Michigan rules do not authorize service by registered mail on corporations." *Walker v. Brooke Corp.*, No. 08-14574, 2009 WL 1689653, at *2 (E.D. Mich. June 17, 2009). Likewise, Federal Rule of Civil Procedure 4(h) "does not provide for service of process upon corporations by mail as a matter of federal procedure." *Campbell v. Angela Hospice Home Health Care, Inc.*, No. 06-15513, 2007 WL 4571456, at *3 (E.D. Mich. Dec. 27, 2007) (citations and quotations omitted); *see also Capaldi v. Am. Credit & Collections, LLC*, No. 12-10254, 2012 WL 6822038, at *1 (E.D. Mich. Dec. 13, 2012) ("In this case, plaintiff only served the complaint by registered mail and thus, did not comply with either of the proper service options available for service of corporations under Rule 4(h) and Michigan law.). Moreover, Plaintiffs fail to provide any discussion of how--if at all--Defendant Blackhawk was served.

In sum, because the Court is unable to ascertain whether Defendants were properly served, there is simply no basis upon which to conclude that Plaintiffs have failed to comply with the unanimity requirement under 28 U.S.C. § 1446(b)(2)(A). As such, the Court finds that removal was proper and thus retains jurisdiction over this matter.

Accordingly, the Court hereby DENIES Plaintiffs' motion to remand this case to the Wayne County Circuit Court. (Dkt. # 12).

SO ORDERED.

       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: June 9, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 9, 2015, by electronic and/or ordinary mail.

       s/Carol J. Bethel
       Case Manager